IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              Case No. 17-10154-JWB

JUSTIN R. SLAYDEN,

       Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on the Government's motion to revoke the magistrate's order of release.  (Doc. 43).  The court held an evidentiary hearing on May 22, 2018.  The Government's motion is GRANTED and Magistrate Judge Birzer's order granting bond is REVOKED for the reasons herein.

### I.    Procedural History

On November 1, 2017, Defendant was indicted pursuant to 21 U.S.C. § 841 and 18 U.S.C. § 922(g)(1) and 924(c).  The indictment as to Defendant includes five counts of distribution of methamphetamine, one count of possessing a firearm in furtherance of drug trafficking and one count of felon in possession of a firearm.  Defendant's sister, April Slayden, has also been charged in the indictment with one count of distribution of methamphetamine.  On November 22, Defendant waived his right to a detention hearing and Magistrate Judge Gale granted the Government's motion for detention.  (Doc. 26.)

On May 10, Defendant requested a detention hearing due to changed circumstances.  On May 16, Magistrate Judge Birzer held a detention hearing and granted Defendant's motion to reconsider detention.  Magistrate Judge Birzer stayed the Order of Release for twenty-four hours.  The Government moved to revoke the magistrate judge's order on May 17.  This court held an

evidentiary hearing on May 22.  Both the Government and Defendant made certain proffers during the hearing.  Defendant declined to testify or call witnesses at the hearing.

## II.    Legal Standard

Pursuant to 18 U.S.C. § 3145(a)(1), the Government may seek review of a magistrate judge's order of release.  The district court's review of a magistrate judge's order of release is de novo.  *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003).  A de novo evidentiary hearing, however, is not required.  The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted."  *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).  The Federal Rules of Evidence do not apply to detention hearings.  *See* 18 U.S.C. § 3142(f).  The court may allow the parties to present information by proffer or it may insist on direct testimony.  *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past

conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with either an offense for which the maximum sentence is life imprisonment or an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801, et seq. *See* 18 U.S.C. § 3142(e); *see also United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) ("upon a finding of probable cause that defendant has committed a federal drug offense carrying a maximum prison term of ten years or more, a rebuttable presumption arises that no conditions of release will assure defendant's appearance and the safety of the community").

"A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp.2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with offenses which carry a maximum term of imprisonment of ten years or more as prescribed by the Controlled Substances Act, and thus raises the rebuttable presumptions of risk of flight and danger to the community. *Id.*

The burden of production on Defendant to overcome the presumption is not a heavy one, but defendant must produce some evidence. *Stricklin*, 932 F.2d at 1354-55. Even if defendant overcomes the presumption, the presumption remains a factor in the Court's detention decision. *Id.*

3

The burden of proof remains with the Government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with Government). The Government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id.* at 1252.

### III.    Analysis

### A. Nature And Circumstances Of The Offense

During the hearing, the Government informed the court that the drug counts have a maximum term of ten years or more, thereby triggering the rebuttable presumption for detention. Moreover, the distribution of methamphetamine, combined with the possession of firearms, represents activities that are inherently dangerous to the community, as well as the people involved in this sort of illegal activity. *See United States v. Cox*, 635 F. Supp. 1047, 1054 (D. Kan. 1986). This factor favors detention.

### B. Weight Of The Evidence

During the hearing, the Government stated that all five counts of methamphetamine distribution will be established through the testimony of an undercover agent who purchased the drugs from Defendant.  All five instances were recorded on either video or audio surveillance. With respect to the firearms' charges, the undercover agent will testify that on one drug transaction, Defendant had a firearm present and was cleaning the firearm during the exchange.  The agent will further testify that the agent inquired as to whether Defendant had firearms for sale.  Defendant informed the agent that he did have firearms for sale and Defendant proceeded to show the agent a firearm which Defendant then wiped down to remove fingerprints.

The court finds that the Government's proffer is sufficient to show that there is substantial evidence of Defendant's involvement in methamphetamine distribution and possession of firearms. This factor therefore favors detention.

### C. History And Characteristics Of Defendant

Defendant is married to Dawnyel and they have one daughter who is four years old. Defendant has lived in Kansas his entire life and his family is in the Wichita area. Defendant's sister, April, is currently on bond in this case. Defendant's mother lives in Wichita and is very ill due to liver failure. If released, Defendant will live with his mother in Wichita, Kansas, or with his wife. Defendant plans on caring for his mother and seeking drug treatment for his addiction.

Prior to his arrest, Defendant was not employed and has not held a job since 2014. Defendant has an extensive criminal record. In 2002, Defendant was convicted on a federal charge of unlawful user in possession of a firearm and served a few months in prison. He successfully completed his supervised release. However, Defendant then had several violations of driving while his license was suspended and, in some of those convictions, Defendant was sentenced to serve jail time. In August 2014, Defendant was convicted of misdemeanor use/possession with intent to use drug paraphernalia and sentenced to twelve months in jail. In November 2015, he was convicted of felony flee or attempt to elude officer and felony possession of opiates. He was sentenced to ten months and placed on 18 months' probation. In December 2015, he was also convicted of misdemeanor driving while a habitual violator. He was sentenced to probation. Defendant's term of probation was extended on both state cases. Defendant was on probation for the state cases at the time of his criminal conduct that is alleged in the indictment.

The Government issued a summons to Defendant in this case on November 2, 2017. The Government indicated that the summons was issued because Defendant had been in constant

contact with the Kansas Bureau of Investigation (KBI) agent and there was not a concern that he would flee. Defendant, however, failed to contact the United States Probation Officer assigned to his case. After the probation officer finally reached Defendant, he was informed of a required pretrial appointment. Defendant failed to make the appointment and informed the probation officer by phone that he was unable to attend the appointment because he had used methamphetamine on November 8. On November 9, Defendant was arrested by state officials when he went to see his state probation officer. The Government then moved for a writ of habeas corpus ad prosequendum in order to gain custody of Defendant.

Defendant's family ties to Kansas and his desire to care for his mother at this time suggest that he is not a flight risk. Defendant's history, however, does not support the conclusion that he would follow conditions of pretrial release. Defendant has repeatedly violated laws regarding driving without a license. While this is a relatively minor offense in the grand scheme, the habitual nature of this offense shows that Defendant cannot be trusted to conform his conduct to restrictions placed on him by governmental authorities. On a graver note, Defendant was on state probation when he allegedly committed the serious offenses set forth in the indictment. Collectively, these factors weigh in favor of a finding of limited flight risk, but that Defendant poses a danger to the community.

### D. Danger To The Community

Based upon the evidence proffered at the hearing and the record before the court, the court finds that Defendant has met his burden to rebut the presumption that he is a flight risk. Before releasing Defendant on any set of conditions, the court must be satisfied that Defendant will not pose a danger to any other person or to the community. *See* 18 U.S.C. § 3142(b). The court finds

that the Government has established that there are no conditions of release which will ensure the safety of the community.

Defendant's criminal history shows that Defendant continually fails to abide by the law and the conditions of his probation. Defendant drives without a license and he is an admitted user of methamphetamine. This creates a danger to the community. Moreover, Defendant and his sister are both allegedly involved in the sale of methamphetamine. Defendant has allegedly put his daughter at risk by bringing her with him on his drug sales. Defendant has also allegedly brought his wife and daughter with him when he was bringing drugs to his sister. Notably, Defendant presents an additional danger to the community because he carries firearms.

The court believes Defendant's pattern of criminal conduct demonstrates a very real threat of continued involvement in drug trafficking and in the unlawful possession of firearms. Ongoing drug trafficking presents a serious danger to the community. Additionally, Defendant presents a danger to his four-year-old daughter whom he brings along with him on his drug transactions.

### IV.    Conclusion

Based upon the court's de novo review of the record, the court concludes that there are no set of conditions of release which will protect the community from the danger of additional drug trafficking crimes and unlawful possession of firearms. The Government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would assure the safety of others and the community if Defendant were released pending trial.

The Government's motion is accordingly GRANTED. (Doc. 43.) Magistrate Birzer's order is hereby REVOKED. (Doc. 41.) Defendant Justin R. Slayden is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody

pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 25th day of May, 2018.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE